UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ANA CAROLINA ROJAS,

               Plaintiff,

               -against-

81-15 RESTAURANT, INC. d/b/a BOCAITO CAFÉ
& WINE BAR, and MAYRA AYALA, individually,

               Defendants.
---------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

Plaintiff, ANA CAROLINA ROJAS ("Plaintiff"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against 81-15 RESTAURANT, INC. d/b/a BOCAITO CAFÉ & WINE BAR ("Bocaito" or "the Restaurant"), and MAYRA AYALA, individually, (collectively as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.      This is a civil action based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. LAB. LAW § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, N.Y. LAB. LAW § 652(1), 12 NYCCRR § 142-2.1; (v) the requirement that employers pay spread of hours premiums under N.Y. LAB. LAW § 652 and 12 NYCCRR § 142, *et seq.*; (vi) the NYLL's requirement that employers pay wages to their employees in accordance with the agreed terms of employment, N.Y. LAB. LAW §§ 190, 191, 663(1); (vii) the NYLL's requirement

1

that employers furnish employees with wage statements containing specific categories of accurate information on each payday, N.Y. LAB. LAW § 195(3); (viii) the NYLL's requirement that employers furnish employees with a wage notice at the time of hire containing specific categories of accurate information, N.Y. LAB. LAW § 195(1); and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants, a bar/restaurant located in Queens and its owner, as a non-exempt "manager" from March 2013 until May 15, 2015. As described below, for the entirety of her employment, with the exception of from on or about December 1, 2013 through on or about March 18, 2014, Defendants required Plaintiff to routinely work more than forty hours per workweek. Yet, regardless of the hours worked, Defendants only compensated Plaintiff for her first thirty-five hours of work per week, and failed to compensate her for any hours worked exceeding thirty-five at any rate of pay, much less at her regular rate of pay for all hours up to forty, or at the statutorily-required overtime rate of time and one-half her regular rate of pay for those hours worked per week over forty. Defendants further failed to compensate Plaintiff at the minimum wage rate for each hour worked and failed to pay Plaintiff spread-of-hours pay for days when Plaintiff worked over ten hours, as the NYLL and NYCCRR requires.

3.      Additionally, Defendants failed to provide Plaintiff with accurate wage statements on each payday or a wage notice at the time of Plaintiff's hire, as the NYLL requires.

**JURISDICTION AND VENUE**

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

2

5.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions comprising the claims for relief occurred within this judicial district.

## PARTIES

6.      At all relevant times herein, Plaintiff was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

7.      At all relevant times herein, Defendant Bocaito is and was a domestic corporation, with its principal place of business located at 81 – 15 Northern Boulevard, Jackson Heights, New York 11372.

8.      At all relevant times herein, Defendant Ayala was and is an owner and the President of Defendant Bocaito, who personally managed and oversaw the day-to-day operations of the Restaurant and who was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked.  Furthermore, Defendant Ayala had the power to, and did in fact, hire and fire and approve all personnel decisions with respect to Defendant Bocaito's employees, including Plaintiff.

9.      At all relevant times herein, both Defendants were and are "employers" within the meaning of the FLSA and NYLL.  Additionally, Defendant Bocaito's qualifying annual business exceeds $500,000, and Defendant Bocaito is engaged in interstate commerce within the meaning of the FLSA, as it operates a business that prepares and provides food and drinks to customers, using numerous products that moved in interstate commerce, and accepting payments from banks and credit cards outside the state of New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

3

## BACKGROUND FACTS

10.     In or about March 2013, Defendants, along with a silent partner, Laura A. Liz, formed Defendant Bocaito, a popular restaurant and bar located in Queens, New York.  At or about the same time, Ayala, on behalf of both Defendants, hired Plaintiff to work in the Restaurant. Plaintiff was Defendants' sole employee until in or about March 2014.

11.     From the beginning of her employment in March 2013 through on or about March 18, 2014, Plaintiff's duties included assisting Defendants with construction and design of the restaurant's interior space and menu.

12.     From in or about March 2013 through November 2013, Defendants required Plaintiff to work, and Plaintiff did work, between forty-three and forty-five and one-half hours per week.  Specifically, Defendants required Plaintiff to work, and she did work, Mondays through Fridays from 8:00 a.m. until at least 5:00 p.m., while working until 9:00 p.m. twice per week. Plaintiff typically received a meal period of thirty minutes to one hour during each workday during this period.

13.     From in or about December 1, 2013 through on or about March 18, 2014, Plaintiff did not regularly work more than forty hours per week for Defendants.

14.     On or about March 19, 2014, Defendant Bocaito opened to the public.

15.     After the Restaurant's opening on or about March 19, 2014, Defendants gave Plaintiff the title of "manager."

16.     From on or about March 19, 2014 through her termination, Defendants required Plaintiff to work, and Plaintiff did routinely work, at least fifty-three hours per week, over the course of six days, as follows: on Mondays through Wednesdays from approximately 2:00 p.m. until 11:00 p.m.; on Thursdays and Fridays from approximately 4:00 p.m. until 2:00 a.m.; and on

Sundays from approximately 11:00 a.m. until 11:00 p.m.  Defendants also required Plaintiff to work on Saturdays as needed.  Plaintiff typically received a meal period of thirty minutes to one hour during each workday during this period.

17.     For example, during the workweek of May 4, 2014 through May 10, 2014, Defendants required Plaintiff to work, and she did work, seven days that week, on Sunday from 2:00 p.m. until 2:00 a.m., on Monday through Wednesday from 2:00 p.m. until 11:00 p.m., and on Thursday through Saturday from 2:00 p.m. until 2:00 a.m., with meal breaks of one hour each workday, for a total of sixty-eight hours.

18.     As a second example, during the workweek of February 8, 2015 through February 14, 2015, Defendants required Plaintiff to work, and she did work, seven days that week, on Sunday from 2:00 p.m. until 2:00 a.m., on Monday through Wednesday from 2:00 p.m. until 11:00 p.m., on Thursday through Friday from 2:00 p.m. until 2:00 a.m., and on Saturday from 12:00 p.m. until 7:00 p.m., with meal breaks of one hour each workday, for a total of sixty-three hours.

19.     For the entire duration of her employment, Defendants paid Plaintiff by check on a weekly basis.

20.     From the beginning of her employment until February 2014 Defendants paid Plaintiff $306.25 per week, from March 2014 until April 2014 Defendants paid Plaintiff $400 per week, and from May 2014 until the end of her employment Defendants paid Plaintiff $306.25 per week.

21.     Plaintiff's weekly salary was meant to cover only the first thirty-five hours that she worked per week.  Accordingly, Defendants paid her the equivalent of $8.75 per hour for periods where Plaintiff received a salary of $306.25 per week and $11.43 per hour for periods where Plaintiff received a salary of $400.00 per week.

5

22.     During the entirety of her employment, Defendants failed to pay Plaintiff at any rate of pay for any hours that Plaintiff worked in excess of thirty-five each week.

23.     Furthermore, Defendants always failed to compensate Plaintiff with an extra hour of pay at the minimum wage rate for each day in which Plaintiff's spread of hours exceeded ten.

24.     On each occasion when they paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, Defendants' address and phone number, Plaintiff's regular hourly rates of pay, her overtime rates of pay, the accurate number of regular hours that she worked per week, and the number of overtime hours she worked per week.

25.     Additionally, Defendants intentionally did not provide Plaintiff with a wage notice at the time of her hire that contained, *inter alia*, Plaintiff's rate or rates of pay and basis thereof, whether she would be paid by the hour, salary, or in another manner; allowances, if any, claimed as part of the minimum wage, including tip or meal allowances; the regular pay day designated by Defendants in accordance with the NYLL; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.

26.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

27.     Each hour that Plaintiff worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

28.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

6

29.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

30.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

31.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

32.     The Defendants' actions were in willful violation of the FLSA.

33.     Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her regular rate of pay.

34.     Plaintiff is also entitled to liquidated damages, attorneys' fees, and costs for Defendants' violation of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Minimum Wage Violations under the FLSA*

35.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

37.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

38.     As also described above, Defendants did not compensate Plaintiff at the minimum hourly rate required by the FLSA for every hour worked.

39.     Defendants willfully violated the FLSA.

7

40.     At the least, Plaintiff is entitled to payment at the minimum wage for every hour that she worked for Defendants pursuant to the FLSA's minimum wage provisions.

41.     Plaintiff is also entitled to liquidated damages, attorneys' fees, and costs for Defendants' violation of the FLSA's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and NYCCRR*

42.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     NYLL § 160 and the executing provisions of 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

44.     As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and NYCCRR.

45.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet the Defendants failed to compensate her in accordance with the NYLL's and NYCCRR's overtime provisions.

46.     Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her regular rate of pay.

47.     Plaintiff is also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Minimum Wage Violations under the NYLL and the NYCCRR*

48.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

8

49.     NYLL § 652(1) and the executing provisions of 12 NYCCRR § 142-2.1 *et seq.* prescribe a minimum wage that employers must pay to their employees for each hour worked.

50.     As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and NYCCRR.

51.     As also described above, Defendants did not compensate Plaintiff at the minimum hourly rate required by the NYLL and NYCCRR for every hour worked.

52.     At the least, Plaintiff is entitled to payment at the minimum wage for every hour that she worked for Defendants pursuant to the NYLL's and NYCCRR's minimum wage provisions.

53.     Plaintiff is also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' violation of the NYLL's and NYCCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

54.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55.     NYLL § 652 and 12 NYCCRR § 142-2.5 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

56.     As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and NYCCRR.

57.     Defendants failed to provide Plaintiff with spread of hours pay when her spread of hours exceeded ten hours for a particular workday.

58.     Plaintiff is entitled to this extra hour of pay, at the minimum wage rate, for all days in which she worked in excess of ten hours.

9

59.     Plaintiff is also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' violation of the NYLL's and NYCCRR's spread of hours provisions.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Wages in Violation of the NYLL*

60.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61.     NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

62.     Defendants failed to compensate Plaintiff at the regular rate of pay for each hour that she worked in accordance with the agreed terms of employment.

63.     At the least, Plaintiff is entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at the regular rate of pay.

64.     Plaintiff is also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' failure to pay wages in accordance with the agreed terms of employment.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

65.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

67.     As described above, Defendants failed to furnish Plaintiff with accurate wage statements on each payday containing the criteria required under the NYLL.

10

68.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

69.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

70.     Plaintiff is also entitled to attorneys' fees and costs for Defendants' violation of the NYLL.

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish a Proper Wage Notice in Violation of the NYLL*

71.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

73.     As described above, Defendants failed to provide Plaintiff with an accurate wage notice at hire containing the criteria enumerated under the NYLL.

74.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

75.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

76.     Plaintiff is also entitled to attorneys' fees and costs for Defendants' violation of the NYLL.

11

## DEMAND FOR A JURY TRIAL

77.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

d.     All damages that Plaintiff has sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

e.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

f.     Awarding Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

g.     Pre-judgment and post-judgment interest, as provided by law; and

h.      Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
     June 16, 2016

                    Respectfully submitted,

                    BORRELLI & ASSOCIATES, P.L.L.C.
                    *Attorneys for Plaintiff*
                    655 Third Avenue, Suite 1821
                    New York, New York 10017
                    Tel.: (212) 679 - 5000
                    Fax: (212) 679 - 5005

By:   _____

                    DAVID D. BARNHORN (DB 9685)
                    ALEXANDER T. COLEMAN (AC 8151)
                    MICHAEL J. BORRELLI (MB 8533)

13